# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

Debtor 1: James A. Deal II
First Name   Middle Name   Last Name

Debtor 2 (Spouse, if filing):
First Name   Middle Name   Last Name

☐ Check if this is an amended plan.

Case Number (If known): 19-50354-MJK

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:  ☒ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:  ☒ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:  ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☒ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$200.00** for the applicable commitment period of:

    ☐ 60 months; or
    ☒ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $___ monthly on ___, 20__.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 ___%   ☐ Debtor 2 ___%

    ☒ Direct to the Trustee for the following reason(s):
    ☒ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    (c) Additional Payments of **$0** (estimated amount) will be made on _____ (anticipated date) from _____

(source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

   | CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|---|---|---|---|
   | CarMax Auto Finance | 2014 Chevrolet | N | Debtor | 7/2019 | $600.00 |

   (b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

   | CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
   |---|---|---|---|---|
   | | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

   | CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | | | | | |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506** (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)). The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a

purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Farmers Furniture | Furniture | $395.00 | 6.25% | $7.00 |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| RREF II BB-GA DIL, LLC | Possible FiFa | 0 | 0 | 0 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%
☐ with interest at _____ % per annum **or** ☐ without interest:

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0** % dividend or a pro rata share of $ **0** , whichever is greater.

5. **Executory Contracts.**

(a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
|---|---|---|---|---|
| | | | | |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☑ To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| Farmers Furniture | $4.00 |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
|  |  |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| RREF II BB-GA DIL, LLC | Judgment | Household goods, personal property |
| OneMain Financial | Household goods | Household goods, personal property |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| Corbett Mizell | Any interest in collateral | In full |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**Set default interest rate at 6% on secured claims paid in the Chapter 13. Pay student loans direct.**

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: 6/4/19

_____
Debtor 1

_____
Debtor 2

/s/ Edward F. Smith
_____
Attorney for the Debtor(s)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| IN RE: | | |
| JAMES A. DEAL, II, | * | CASE NO. 19-50353-MJK |
| Debtor, | * | |
| | * | CHAPTER 13 |
| M. ELAINA MASSEY, | * | |
| Trustee. | * | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the Chapter 13 Plan by First Class Mail placing the same in the United States mail with proper postage affixed to the following addresses:

See attached Matrix

I hereby certify that I have served a copy of the Chapter 13 Plan on the following corporations addressed to an Agent or Officer by First Class Mail with proper postage affixed thereon to the following addresses:

I hereby certify that the following insured depository institutions were served by Certified Mail addressed to the officer of the institution:

I hereby certify that the following parties and counsel were served electronically through the Notice of Electronic Filing (NEF) at the following address:

Elaina Massey,
Chapter 13 Trustee
courtdailysummary@ch13bwk.com,
courtdailybackup@ch13bwk.com

This the 4th day of June, 2019.

/s/ Edward F. Smith
Edward F. Smith
Georgia Bar No. 656823

Post Office Box 792
Waycross, Georgia 31502
(912) 287-0055

```
Label Matrix for local noticing          (p)BB AND T                                (p)BANK OF AMERICA
113J-5                                   PO BOX 1847                                PO BOX 982238
Case 19-50354                            WILSON NC 27894-1847                       EL PASO TX 79998-2238
Southern District of Georgia
Waycross
Tue Jun  4 16:44:00 EDT 2019

Bank of the West                         Branch Banking & Trust Co.                 Capital One Bank
Attn: Officer, Managing or General Agent c/o CT Corporation System                  Attn: Officer, Managing or General Agent
P.O. Box 4024                            289 Culver St                              P.O. Box 71083
Alameda CA 94501-0424                    Lawrenceville GA 30046-4855                Charlotte NC 28272-1083

Car Max Auto Finance                     (p)CAVALRY PORTFOLIO SERVICES LLC          Chase Bank USA
Attn: Officer, Managing or General Agent 500 SUMMIT LAKE DR                         Attn: Agent, Managing or General Officer
12800 Tuckahoe Creek Parkway             STE 400                                    P.O. Box 15298
Henrico VA 23238-1115                    VALHALLA NY 10595-2322                     Wilmington DE 19850-5298

(p)CHOICE RECOVERY INC                   Citicards/CBNA                             Coffee County Superior Court
1550 OLD HENDERSON ROAD                  Attn: Officer, Managing or General Agent   Attn: Officer, Managing or General Agent
STE 100                                  P.O. Box 6241                              101 S Peterson Ave
COLUMBUS OH 43220-3662                   Sioux Falls SD 57117-6241                  Douglas GA 31533-5211

Corbett Mizell                           Cottingham & Porter PC                     Credit Management LP
Attn: Officer, Managing or General Agent Attn: Officer, Managing or General Agent   Attn: Officer, Managing or General Agent
145 Crestwood Dr                         319 Ashley St E                            4200 International Parkway
Alma GA 31510                            Douglas GA 31533-5301                      Carrollton TX 75007-1912

Credit One Bank                          James A. Deal II                           Edward F. Smith
Attn: Officer, Managing or General Agent 100 Leroy Sapp Rd                          Law Office of Edward F. Smith
P.O. Box 98875                           Douglas, GA 31533-8230                     P.O. Box 792
Las Vegas NV 89193-8875                                                             Waycross, GA 31502-0792

FNB South                                (p)FARMERS FURNITURE                       Jackson National Life Insurance Company
Attn: Officer, Managing or General Agent ATTN CORPORATE CREDIT DEPT                 c/o CT Corporation System
423 W 12th St                            PO BOX 1140                                120 Peachtree St NE
Alma GA 31510-2141                       DUBLIN GA 31040-1140                       Atlanta GA 30361

Lincoln Benefit Life Company             New York Life Insurance Co.                Office of the U. S. Trustee
c/o CT Corporation System                CT Corporation System                      Johnson Square Business Center
289 S. Culver St                         289 S Culver St                            2 East Bryan Street, Ste 725
Lawrenceville GA 30046-4805              Lawrenceville GA 30046-4805                Savannah, GA 31401-2638

OneMain Financial                        OneMain Financial Group, LLC               RREF II BB-GA DIL, LLC
Attn: Officer, Managing or General Agent c/o CT Corporation System                  c/o Cottingham & Porter PC
1410 SE Bowens Mill Rd                   289 Culver St                              319 Ashley St E
Douglas GA 31533-1500                    Lawrenceville GA 30046-4855                Douglas GA 31533-5301

Santander Consumer USA                   Schulten Ward Turner & Weiss               Syncb/Care Credit
Attn: Officer, Managing or General Agent Attn: Officer, Managing or General Agent   Attn: Officer, Managing or General Agent
P.O. Box 961245                          260 Peachtree St, NW Ste 2700              P.O. Box 965033
Fort Worth TX 76161-0244                 Atlanta GA 30303-1240                      Orlando FL 32896-5033
```

IBM/Total Card
Attn: Officer, Managing or General Agent
5109 S Broadband Lane
Sioux Falls SD 57108-2208

Woodmen of the World Life Insurance Soc
c/o Insurance Commissioner
704 West Tower
Atlanta GA 30329-4607